UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SUFFERN PARTNERS, LLC | No. 21-CV-6088 (KMK)<br>No. 21-CV-6090 (KMK)<br>No. 21-CV-6092 (KMK)<br>No. 21-CV-6093 (KMK)<br><br>ORDER OF DISMISSAL |

KENNETH M. KARAS, United States District Judge:

    On November 4, 2021, the Court issued an Order To Show Cause, directing Appellant to show cause as to why the related appeals should not be dismissed for failure to prosecute by no later than November 11, 2021.  (*See* Order To Show Cause (Dkt. No. 34, 21-CV-6088 Dkt.); Order To Show Cause (Dkt. No. 35, 21-CV-6090 Dkt.); Order To Show Cause (Dkt. No. 24, 21-CV-6092 Dkt.); Order To Show Cause (Dkt. No. 24, 21-CV-6093 Dkt.).)  Because Appellant is not currently represented by counsel, the Court also directed Appellee to serve the Order To Show Cause on Appellant and certify that it was done so in a filing by no later than November 8, 2021.  (*Id.*)  Appellee served Appellant with the Order To Show Cause on November 4, 2021. (*See* Cert. of Service (Dkt. No. 35, 21-CV-6088 Dkt.); Cert. of Service (Dkt. No. 36, 21-CV-6090 Dkt.); Cert. of Service (Dkt. No. 25, 21-CV-6092 Dkt.); Cert. of Service (Dkt. No. 25, 21-CV-6093 Dkt.).)  Appellant has made no submissions or otherwise communicated with the Court.

    This Court has the authority to dismiss a case for failure to prosecute.  *See* FED. R. CIV. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *Id*.  Although Rule 41(b) expressly addresses a situation in which a defendant moves to

dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "'a harsh remedy that should be utilized only in extreme situations,'" *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (summary order) (quoting *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009)). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (summary order) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)); *see also Simmons v. Mason*, No. 17-CV-8886, 2021 WL 1164573, at *2–3 (S.D.N.Y. Mar. 26, 2021) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of the related appeals. Appellant's opening brief was due nearly two months ago, on September 20, 2021, and Appellant has been on notice since October 26, 2021—when Appellee sought a pre-motion conference concerning Appellee's requested dismissal of the appeals, (*see* Dkt. No. 32, 21-CV-6088 Dkt.; Dkt. No. 33, 21-CV-6090 Dkt.; Dkt. No. 22, 21-CV-6092 Dkt.; Dkt. No. 22, 21-CV-6093 Dkt.)—that Appellant's failure to prosecute could result in dismissal. Then, on

November 4, 2021, the Court affirmatively instructed Appellant that its continued failure to prosecute would result in dismissal without further notice. (*See* Order To Show Cause 3 (Dkt. No. 34, 21-CV-6088 Dkt.); Order To Show Cause 3 (Dkt. No. 35, 21-CV-6090 Dkt.); Order To Show Cause 3 (Dkt. No. 24, 21-CV-6092 Dkt.); Order To Show Cause 3 (Dkt. No. 24, 21-CV-6093 Dkt.).) Moreover, Appellant has failed to communicate with the Court whatsoever since Appellant's previous counsel moved to withdraw in early September 2021, which the Court granted subject to the conditions that Appellant shall obtain replacement counsel as soon as possible and Appellant would not be entitled to any adjournments or extensions of time with respect to any matters then-pending simply by virtue of the replacement of its counsel. (*See* Order (Dkt. No. 30, 21-CV-6088 Dkt.); Order (Dkt. No. 31, 21-CV-6090 Dkt.); Order (Dkt. No. 20, 21-CV-6092 Dkt.); Order (Dkt. No. 20, 21-CV-6093 Dkt.).)

Appellant has failed to comply with these Orders. Accordingly, the related appeals are dismissed without prejudice for failure to prosecute. *See Millennium Pipeline Co., LLC v. Bace Grp., Inc.*, No. 17-CV-9371, 2021 WL 4461336, at *1–2 (S.D.N.Y. Sept. 29, 2021) (dismissing case for failure to prosecute where the plaintiff "failed to submit any pre-hearing submissions" and "the [c]ourt . . . attempted to get in touch with [the] [p]laintiff at least three times with no response whatsoever"); *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3887614, at *1–2 (S.D.N.Y. Aug. 31, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff . . . failed to comply with [the court's orders] and has not communicated with the [c]ourt" in four months); *Velazquez v. Gerbing*, No. 18-CV-8800, 2021 WL 2823565, at *1–2 (S.D.N.Y. July 7, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff has failed to reply to three separate court orders spanning nearly four months").

3

The Clerk of Court is directed to mail a copy of this Order to Appellant at the address listed in Appellee's most recent Certificate of Service.  (*See* Cert. of Service (Dkt. No. 35, 21-CV-6088 Dkt.); Cert. of Service (Dkt. No. 36, 21-CV-6090 Dkt.); Cert. of Service (Dkt. No. 25, 21-CV-6092 Dkt.); Cert. of Service (Dkt. No. 25, 21-CV-6093 Dkt.).)

SO ORDERED.

Dated: November 16, 2021
        White Plains, New York

                                            KENNETH M. KARAS
                                          United States District Judge